UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARQUIS WHO'S WHO VENTURES LLC,

                Plaintiff,                **ORDER FOR PRELIMINARY INJUNCTION**

     v.

                                                               23-CV-1043 (RPK) (JMW)

REVENUEBOOST LLC,

                Defendant.
---------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        On February 16, 2023, the Court granted in part plaintiff Marquis Who's Who Ventures LLC's application for a temporary restraining order and ordered defendant RevenueBoost LLC to show cause why a preliminary injunction should not be entered to the same effect. *See* Temporary Restraining Order & Order to Show Cause (Dkt. #10) ("TRO"). Defendant was served with process, *see* Summons Returned Executed dated 2/15/2023 (Dkt. #9), and with all relevant Court orders relating to the TRO and plaintiff's motion for a preliminary injunction, *see* Aff. of Service of Two Court Orders dated 2/16/2023 (Dkt. #11). Even so, defendant neither responded to the order to show cause nor appeared at the in-person preliminary injunction hearing held on February 27, 2023. Accordingly, having again reviewed plaintiff's application and the memorandum of law and supporting materials attached thereto, *see* Dkt. ##6-1–6-7, the Court has determined, for the same reasons explained on the record at the February 16, 2023 hearing on plaintiff's motion for a temporary restraining order, that plaintiff has made a sufficient showing of an entitlement to the preliminary relief detailed below. Accordingly, it is:

        **ORDERED** that a Preliminary Injunction granting plaintiff the same injunctive relief previously granted in the TRO is hereby entered against defendant RevenueBoost LLC, which

Order shall remain in force and effect throughout the pendency of this litigation or until further order of the Court, and under which Order defendant is:

A. preliminarily enjoined and restrained from using any of plaintiff's registered trademarks—namely Trademark Registration Nos. 378,389 ("Who's Who in America"); 509,921 ("Who Was Who in America"); 991,399 ("Who's Who"); 1,923,629 ("Marquis"); and 3,082,435 ("Marquis Who's Who")—in commerce in any way, for any reason, and for any purpose; and

B. preliminarily enjoined and restrained from using, disclosing, or disseminating all or part of the contents of plaintiff's confidential customer email list in any way, for any purpose, and to any third party.

It is further **ORDERED** that, because "defendant[] ha[s] not shown that [it] will likely suffer harm absent the posting of a bond by [plaintiff]," *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996), the Court will not require plaintiff to post security under Federal Rule of Civil Procedure 65(c), *see Gov't Emps. Ins. Co. v. Relief Med., P.C.*, 554 F. Supp. 3d 482, 505 (E.D.N.Y. 2021) (collecting cases dispensing with the security requirement where "the requested injunction will not cause [the defendants] any prejudice at all") (citations omitted).

    **SO ORDERED.**

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: February 27, 2023
       Brooklyn, New York